```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
_____
                                      :
METROPOLITAN LIFE INSURANCE           :
COMPANY,                              :   Civil No. 16-0358 (NLH/KMW)
                                      :
             Plaintiff,               :        OPINION
                                      :
         v                            :
                                      :
JOAN M. HARRIS, MARK J.               :
DANTONI, PATRICIA BRINSTER,           :
CAROLE PLATAS, JAMES                  :
LLEWELLYN MATHEWS, AS                 :
TRUSTEE OF THE SAMUEL J.              :
DANTONI AND MARILYN H.                :
DANTONI TRUST,                        :
                                      :
             Defendants.              :
_____
```

**APPEARANCES:**

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
By: Randi F. Knepper, Esq.
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
      Attorneys for Plaintiff

JOAN M. HARRIS, pro se
P.O. Box 34
Millersville, Maryland 21108
      Defendant


MARK J. DANTONI, pro se
P.O. Box 1071
Medford, New Jersey 08055
      Defendant

PATRICIA BRINSTER, pro se
43 Radnor Blvd.
Marlton, New Jersey 08053
      Defendant

1

CAROLE PLATAS, pro se
121 W. Dominion Drive
Marlton, New Jersey 08053
        Defendant

JAMES LLEWELLYN MATHEWS, Trustee
East Gate Center
309 Fellowship Road
Suite 200
Mount Laurel, New Jersey 08054
        Defendant

**HILLMAN**, United States District Judge:

    In this interpleader action, Plaintiff, Metropolitan Life Insurance Company ("MetLife"), contends that it faces multiple competing claims to the proceeds of a $61,610.00 life insurance policy of its insured, Samuel Dantoni, who passed away on October 24, 2014. Presently before the Court is Plaintiff's Motion for Interpleader Relief [Doc. No. 39].

    Plaintiff has deposited the funds with the Registry of the Court and now seeks entry of an Order: (1) compelling the Defendants to "litigate, adjust and/or settle among each other their respective and lawful entitlement" to the funds at issue, (2) permanently restraining the Defendants from suing Plaintiff on claims arising out of the policy at issue, and (3) dismissing Plaintiff from this action with prejudice. [Proposed Order, Doc. No. 39-3]

    The Court holds that Plaintiff has satisfied the elements of the interpleader statute and is therefore entitled to protection

from any further related liability at this time. Accordingly, Plaintiff's Motion for Interpleader Relief will be granted.

I.   **RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Samuel Dantoni, the Insured, was covered by Plaintiff under the Federal Employees' Group Life Insurance policy (the "FEGLI Policy"). [Complaint ¶ 9]. The policy, issued by Plaintiff to the United States Office of Personnel management ("OPM") pursuant to the Federal Employees' Group Life Insurance Act, 5 U.S.C. § 8701 *et. seq.*, provided life insurance benefits that became payable upon the Decedent's death. [*Id.*]. The Office of Federal Employees' Group Life Insurance ("OFEGLI") is an administrative unit of MetLife responsible for administering the claims process for the FEGLI Policy, which begins following the death of an insured. [*Id.*]. Upon the death of an insured, documents from the deceased's personnel file that are relevant to the adjudication of a claim are forwarded to OFEGLI by OPM, which is responsible for recordkeeping for retired employees under the FEGLI Policy. OFEGLI then adjudicates the claim. [*Id.* ¶ 10].

The most recent Beneficiary Designation form in Decedent's file, dated August 25, 2013 (the "2013 Beneficiary Designation"), named Joan Harris ("Harris") as the sole primary beneficiary to receive 100% of the FEGLI Benefits. [Complaint Ex. A].

The prior Beneficiary Designation form on file for Decedent,

dated July 21, 2011 (the "2011 Beneficiary Designation"), named Marilyn Dantoni, wife of the Decedent, as the sole primary beneficiary to receive 100% of the FEGLI Benefits.  Marilyn Dantoni died on February 24, 2013. [Complaint Exs. B and C].

On or about May 8, 2013, the Decedent completed an assignment form assigning his interest in his FEGLI coverage to the Trustee or Trustees or Successor Trustee or Trustees of the "Samuel J. Dantoni and Marilyn H. Dantoni Trust, dated 1/19/2011" (the "Assignment"). [Complaint Ex. D].  The Assignment was never processed by OPM, pursuant to instructions provided by the Decedent to OPM in a submission dated August 2013, whereby Decedent purportedly rescinded the Assignment and instructed that the FEGLI Benefits should be paid pursuant to the 2013 Beneficiary Designation, which named Harris the sole primary beneficiary. [Complaint Ex. E].

Following Decedent's death on October 24, 2014, James Llewellyn Mathews, Esq. ("Mathews"), as Trustee of the Samuel J. Dantoni and Marilyn H. Dantoni Trust (the "Trust"), submitted a Statement of Claim seeking the FEGLI Benefits on behalf of the Trust. [Complaint Ex. G].  On or about January 5, 2015, Harris submitted a Statement of Claim seeking the FEGLI Benefits. [Complaint Ex. H].  By letter dated March 13, 2015, OFEGLI told Mathews that the Trust's claim was denied because the Trust was not named as Decedent's beneficiary on the latest Beneficiary Designation completed by the Decedent on August 25, 2013. [Complaint Ex. I].  On or about March 31, 2015,

4

Mathews wrote to OFEGLI and advised that the Decedent's FEGLI Benefits were assigned to the Trust by the Assignment. [*Id*. ¶ 21].

On or about May 19, 2015, OFEGLI received a letter from Mark Dantoni ("Dantoni") stating that Harris fraudulently completed the 2013 Beneficiary Designation without the Decedent's knowledge. [Complaint Ex. K]. On or about May 20, 2015, Dantoni submitted a Statement of Claim seeking the FEGLI Benefits. [Complaint Ex. L]. On or about June 13, 2015, Dantoni wrote to OFEGLI alleging that the Trust was not validly formed and that the Assignment was invalid, because the Decedent was declared incompetent by a Maryland Court in 2012. [Complaint Ex. M].

On October 23, 2015, Plaintiff was told by its prior counsel that Decedent's children were unable to resolve their competing claims to the FEGLI Benefits. [*Id*. ¶ 25]. On that same day, Plaintiff was also told that Mathews filed a Complaint in a New Jersey Superior Court dated October 15, 2015, seeking an order permitting him to serve as the attorney-in-fact for Decedent's four children for the purpose of receiving the FEGLI Benefits. [*Id*.].

Thereafter, Plaintiff was told that the claimants resolved their competing claims and agreed that the FEGLI Benefits would be divided equally between the Decedent's four children, Defendants Harris, Dantoni, Patricia Brinster ("Brinster"), and Carole Platas ("Platas"). [*Id*. ¶ 26]. Plaintiff proposed a general release memorializing the agreement and releasing Plaintiff from any further

5

liability with respect to the FEGLI Policy or the FEGLI Benefits payable as a result of Decedent's death. [Complaint Ex. N].

Dantoni signed the General Release, but by e-mail dated December 22, 2015, Dantoni told Plaintiff that he was rescinding his agreement until further notice. [*Id*. ¶ 27]. By e-mail dated January 11, 2016, Dantoni told Plaintiff that "since there was no valid agreement until all parties have signed, mailed and had the Agreement received and reviewed by you for validity, my notification to you is timely and as such t is my position that I have rescinded my Release Agreement per my e-mail to you dated December 22, 2015." [*Id*. ¶ 28]. By e-mail dated January 12, 2016, Harris stated that the General Release could not be rescinded. [*Id*. ¶ 29].

Plaintiff commenced this action by filing its complaint in interpleader of January 19, 2016. [Doc. No. 1]. Defendants Harris, Brinster, Platas, and Mathews, as Trustee of the Trust, answered the complaint. [Doc. Nos. 10, 13, 15, & 17].

Plaintiff tried to serve Dantoni, who evaded Plaintiff's efforts. By Order and Opinion dated September 20, 2016, the Honorable Karen M. Williams, U.S.M.J., granted Plaintiff's motion seeking an order permitting substitute service on Dantoni. Plaintiff served Dantoni by e-mail on December 20, 2016, after other attempts to serve Dantoni were unsuccessful.

By Order dated October 20, 2016, Judge Williams granted Plaintiff's application to deposit the FEGLI Benefits with the

6

Court. In accordance with the Order, Plaintiff sent to the Clerk of the Court a check in the amount of $61,610.00, which was deposited by the Clerk into the Registry on November 4, 2016. [Doc. No. 34 & 35].

## II. LEGAL STANDARD

There are two sources of interpleader relief in federal court: statutory interpleader under 28 U.S.C. § 1335, and rule interpleader under Federal Rule of Civil Procedure 22. *Stonebridge Life Ins. Co. v. Kissinger*, 89 F.Supp.3d 622, 625 (D.N.J. 2015). Plaintiff brings this interpleader action under the interpleader statute.

Interpleader allows "'a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'" *Id.* (quoting 7 Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1704 (3d ed. 2001), at 540-41 ("Wright & Miller")). Thus, a "stakeholder who 'admits it is liable to one of the claimants, but fears the prospect of multiple liability[,]… to file suit, deposit the property with the court, and withdraw from the proceedings.'" *Id.* (quoting *Prudential Ins. Co. of America v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009))(quoting *Metro Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007)). Thus, as a result of an interpleader action, "'[t]he competing claimants are left to litigate between themselves,' while the stakeholder is discharged

7

from any further liability with respect to the subject of the dispute." *Id.*(quoting *Metro. Life*, 501 F.3d at 275).

An interpleader action usually proceeds in two stages. *Id.* at 626.  First, the Court must determine whether the interpleader complaint was properly brought and whether to discharge the stakeholder from further liability to the claimants. *Id.*

Second, the Court must determine the rights of the claimants to the funds. *Id.*  With respect to the first stage, "[t]he key prerequisite ... is that there be two or more claimants to the fund who are 'adverse' to each other." *Id.* (quoting *New Jersey Sports Prod., Inc. v. Don King Prod., Inc.*, 15 F.Supp.2d 534, 539 (D.N.J. 1998))(citing 7 Charles A. Wright & Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedures § 1705 at 507-09 (1986 & 1996 supp.)).  "This requirement is not met where (a) one of the claims clearly is devoid of substance; (b) one of the claimants is under the control of the stakeholder or has dropped his claim, such that the fear of multiple liability is baseless; or (c) the claims are not asserted against the same fund, or the stakeholder may be liable to both claimants." *Id.* (quoting *Allstate Settlement Corp. v. United States*, Civ. A. No. 07-5123, 2008 WL 2221897, at *3 (E.D.Pa. May 28, 2008))(citing *New Jersey Sports*, 15 F.Supp.2d at 539).

### III.   DISCUSSION

The Court will grant Plaintiff's motion for interpleader relief.  Plaintiff contends that it is a "disinterested stakeholder"

8

and that it cannot determine to which Defendant or Defendants the FEGLI Benefits are payable, though it agrees that the FEGLI Benefits are in fact payable to one or some Defendants.  Plaintiff claims no interest in the disputed funds and has deposited such funds in the Court Registry.  Further, a dispute exists as to the proper beneficiary or beneficiaries of the life insurance proceeds of the insured.

Harris submitted a claim as the insured's sole primary beneficiary to receive 100% of the FEGLI Benefits pursuant to the 2013 Beneficiary Designation.  [Complaint Ex. H].  Dantoni, as Executor of his mother's (Marilyn Dantoni) estate, submitted a claim seeking the FEGLI Benefits pursuant to the 2011 Beneficiary Designation, which named Marilyn Dantoni as the sole primary beneficiary to receive 100% of the FEGLI Benefits.[1]  [Complaint Ex. L].

According to Plaintiff, if the Court determines that the General Release is binding and that Dantoni's efforts to rescind the General Release were unavailing, then the FEGLI Benefits would be divided equally between Decedent's four children.

---

[1] Mathews, as Trustee, submitted a Statement of Claim seeking the FEGLI Benefits on behalf of the Trust, which was denied.  By letter dated May 1, 2015, Mathews advised the Court that he does not oppose Harris' Motion for Release of Life Insurance Proceeds. [Doc. No. 43].  Therefore, the Court recognizes at least two competing claims to the Decedent's life insurance proceeds: those of Harris and Dantoni.

9

If the Court determines that: (i) the General Release is effectively rescinded, (ii) the 2013 Assignment is effective, and (iii) the Trust is valid, then the FEGLI Benefits would be payable to the Trust.

If the Court determines that: (i) the General Release is effectively rescinded, (ii) the 2013 Assignment is ineffective, and (iii) the 2013 Beneficiary Designation is valid, then the FEGLI Benefits would be payable to Harris.

If the Court determines that: (i) the General Release is validly rescinded, (ii) the 2013 Assignment is ineffective, and (iii) the 2013 Beneficiary Designation form is invalid, then the FEGLI Benefits would be payable in equal shares to Decedent's children pursuant to FEGLIA, because Marilyn Dantoni, who is the sole beneficiary named on the 2011 Beneficiary Designation, predeceased Decedent.

Thus, Plaintiff is exposed to duplicative liability due to competing claims to the FEGLI Benefits, and there remains a dispute as to who is entitled to the insurance proceeds. The Court therefore finds that this interpleader action is appropriate and, indeed, Defendants do not object to Plaintiff's request for interpleader relief. Accordingly, the Court will grant interpleader relief and discharge Plaintiff from further participation in this matter and from all liability in connection with the FEGLI Policy and FEGLI Benefits at issue.

**IV. CONCLUSION**

The Court concludes that Plaintiff has met the requirements of the interpleader statute and may be relieved from liability at this time. Accordingly, the Court will grant Plaintiff's motion for interpleader relief.

An Order consistent with this Opinion will be entered.


Date: July 26, 2017                    ___s/ Noel L. Hillman____
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.